

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

April 8, 2022

KENNETH ABEYRATNE
DIRECT: 646.367.6745
KABEYRATNE@KBRLAW.COM

**VIA ECF**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Cesar Campos v. Milk Studios, LLC, et al.*
        Civil Action No.:  1:22-cv-00894 (ARR)(TAM)

Dear Judge Ross:

We represent the Defendant Milk Studios, LLC, Defendant Milk Studioz Inc., and Defendant John Does I – V, (collectively, "Defendants"), in the above-referenced matter.  Pursuant to III (A) of Your Honor's Individual Practices, we write to request a Pre-Motion Conference in connection with Defendants' anticipated partial Motion to Dismiss Plaintiff Cesar Campos' ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") or in the alternative a partial motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56").

**Factual Allegations and Procedural History**

Plaintiff's Complaint alleges violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  *See* ECF Dckt. No. 1.[1]  Plaintiff alleges that he was a driver and/or manual worker from September 2013 through March 2020.  *Id.*  Plaintiff alleges that part of his job responsibilities included making deliveries across state lines from New York to New Jersey. *Id.*  Plaintiff alleges that he regularly handled goods in interstate commerce.  *Id.*  However, due to the COVID-19 pandemic, Defendants terminated Plaintiff on March 31, 2020.  Plaintiff signed a severance agreement, waiving his NYLL claims, in return for a lump sum payment of $5,000. Then, in February 2021, Defendants re-hired Plaintiff as a driver and/or manual worker.  *See* ECF Dckt. No. 1.  From February 2021 to September 2021, Plaintiff continued his duties as a driver and/or manual worker until his employment ended.  *See* ECF Dckt. No. 1.

---

[1] All citations and references to Plaintiff's Complaint are hereinafter referred to as "ECF Dckt. No. 1."

On February 17, 2022, Plaintiff filed the instant action in the Eastern District of New York.  In Plaintiff's Complaint, Causes of Action Two through Six all allege violations of the NYLL.  *See* ECF Dckt. No. 1.  Any alleged NYLL violations by Defendants from September 2013 through March 2020 should be dismissed due to failure to state a cause of action upon which relief can be granted as against Defendants because Plaintiff waived his claim by signing a severance agreement.

In support of its Rule 12(b)(6) motion and/or Rule 56 motion, Defendants will argue that Plaintiff cannot state a claim against Defendants for a NYLL violations from September 2013 to March 2020 because Plaintiff executed a severance agreement, waiving his claim.  "New York courts "will enforce valid releases that are clear and unambiguous on their face and which were knowingly and voluntarily entered into and were not 'the product of fraud, duress or undue influence.'"  *Gortat v. Capala Bros., Inc.*, 2009 WL 3347091, at *3 (E.D.N.Y. Oct. 16, 2009) (quoting *Hummel v. AstraZeneca LP*, 575 F. Supp. 2d 568, 570 (S.D.N.Y. Sept. 9, 2008)).  Courts have regularly ruled that employees waive NYLL claims when they execute private agreements with employers.  *See DiFilippo v. Barclays Capital, Inc.*, 552 F. Supp. 2d 417, 426 (S.D.N.Y. May 6, 2008) (dismissing NYLL claims after employee signed a severance agreement); *see also Simel v. JP Morgan Chase*, 2007 WL 809689, at **4-5 (Court dismissed Plaintiff's NYLL claims after signing a settlement agreement waiving any future claims); *Wright v. Brae Burn Country Club, Inc.*, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) (same); *Roseman v. Bloomberg L.P.*, 2007 WL 4348029, at *4 (S.D.N.Y. Feb. 15, 2013).  Thus, Plaintiff's NYLL claims from September 2013 through March 2020 should be dismissed in their entirety.

Defendants requests that the Court set a Pre-Motion Conference and enter a briefing schedule so that Defendants may move for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6) or in the alternative Fed. R. Civ. Pro. 56.  Defendants further requests that the Court stay the litigation pending the outcome of the anticipated motion to dismiss and/or summary judgment.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Kenneth G. Abeyratne

cc:     Plaintiff's Counsel (via ECF)