UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Cesar Campos, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                               *Plaintiff,*

            - against -

Milk Studios, LLC, Milk Studioz Inc., and "John Does I – V",

                               *Defendants.*
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

       Plaintiff Cesar Campos ("Plaintiff" or "Campos"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Milk Studios, LLC, Milk Studioz Inc. (together, the Corporate Defendants"), and "John Does I – V" (the "Individual Defendants") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff worked as a non-exempt driver and manual worker for Defendants from September 2013 through September 2021. Throughout his employment Defendants misclassified Campos as a salaried employee, and failed to pay him legally required overtime wages, even though Campos regularly worked over forty hours per workweek. Defendants also failed to provide Campos with accurate wage statements with each payment of his wages.

2. Campos seeks injunctive and declaratory relief and to recover unpaid overtime wages, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft

1

Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF CESAR CAMPOS**

6. Plaintiff is a resident of Brooklyn, New York.

7. Plaintiff was employed as a driver and manual worker at Defendants' photography studio and gallery known as "Milk Studios", located at: (i) 450 West 15th Street, 8th Floor New York, NY 10011 ("Milk Studios Manhattan"); and (ii) 67 North 8th Street, Brooklyn, NY 11249 ("Milk Studios Brooklyn") from on or around September 2013 through and including March 13, 2020, and from on or around February 2021 through and including September 17, 2021.

8. Plaintiff was employed as a non-managerial employee for Defendants from on or around September 2013 through and including March 13, 2020, and from on or around February 2021 through and including September 17, 2021.

9. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT MILK STUDIOS, LLC**

10. Upon information and belief, Defendant Milk Studios, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware.

11. Upon information and belief, Defendant Milk Studios, LLC is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 450 West 15th Street, New York, NY 10011, and an alternate address at 67 North 8th Street, Brooklyn, NY 11249.

12. At all times relevant to this Complaint, Defendant Milk Studios, LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant Milk Studios, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant Milk Studios, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT MILK STUDIOZ INC.**

15. Upon information and belief, Defendant Milk Studioz Inc. is a domestic limited liability company organized and existing under the laws of the State of New York.

16. Upon information and belief, at all relevant times here to Defendant Milk Studioz

Inc. maintained a principal place of business at 581 East 22nd Street, Floor 2, Brooklyn, NY 11226, and an alternate address at 67 North 8th Street, Brooklyn, NY 11249.

17. At all times relevant to this Complaint, Defendant Milk Studioz Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

18. At all times relevant to this Complaint, Defendant Milk Studioz Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

19. At all times relevant to this Complaint, Defendant Milk Studioz Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS "JOHN DOES I – V"**

20. Defendants "John Does I – V" are individuals engaging (or who have engaged) in business within this judicial district during the relevant time period.

21. Defendants "John Does I – V" are sued individually and in their capacities as owners, officers and/or agents of the Corporate Defendants.

22. Defendants "John Does I – V" possess or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

23. Defendants "John Does I – V" determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

24. At all times relevant to this Complaint, Defendants "John Does I – V" have been and are employers within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

25. The true names of Defendants "John Does I – V" are unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state their true name when they have been ascertained.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

26. Defendants own, operate and/or control a "premiere photography studio and gallery"[1] known as "Milk Studios", with locations in Manhattan (*i.e.,* Milk Studios Manhattan), Los Angeles and Brooklyn (*i.e.,* Milk Studios Brooklyn).

27. The Individual Defendants possess operational control over the Corporate Defendants, possess an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C.

---

[1] *See Milk Studios, L.L.C. v. Samsung Electronics Co., Ltd. et al* (Case No.: 1:14-cv-09362-PAC), Dckt. No. 1 at ¶ 12.

5

201 *et seq.* and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

32. Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fails to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendants separate and legally distinct entities;

   b. defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating the Corporate Defendants for their own benefit as the majority shareholders;

   e. operating the Corporate Defendants for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

   f. intermingling assets and debts of their own with the Corporate Defendants;

   g. diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

   h. other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

34. Defendants had the power to hire and fire Plaintiff, control the terms and

conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

35. Defendants pride themselves on "attracting preeminent photographers, fashion designers, celebrities, artists, musicians and brands for editorial and commercial photo shoots and events." [2]

36. "Milk is often retained for photo shoots by major design houses…"[3]

37. To accomplish their business goals, Defendants misclassify their drivers and manual workers, including Campos, as salaried employees, and fail to pay their drivers and manual workers, including Campos, legally required wages under the FLSA and NYLL, including overtime.

38. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, misclassified salaried positions, during the statutory period.

39. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

40. Plaintiff was an employee of Defendants.

41. Plaintiff was employed as a driver and manual worker at Milk Studios Manhattan from on or around September 2013 through and including March 13, 2020.

42. Plaintiff was employed as a driver and manual worker at Milk Studios Brooklyn and from on or around February 2021 through and including September 17, 2021.

43. As a driver and manual worker, Plaintiff's responsibilities included, *inter alia*:

---

[2] *See Milk Studios, L.L.C. v. Samsung Electronics Co., Ltd. et al* (Case No.: 1:14-cv-09362-PAC), Dckt. No. 1 at ¶ 12.
[3] *See Milk Studios, L.L.C. v. Samsung Electronics Co., Ltd. et al* (Case No.: 1:14-cv-09362-PAC), Dckt. No. 1 at ¶ 16.

traveling to and from Defendants' studios and various event spaces throughout New York and New Jersey, where picked up, loaded, delivered and unloaded payloads consisting of, *inter alia*, photography and production equipment.

44. Plaintiff regularly handled goods in interstate commerce, such as photography and production equipment which were necessary to perform his duties as a driver and manual worker.

45. Plaintiff's work duties required neither discretion nor independent judgment.

46. From on or around September 2013 through and including March 13, 2020, Campos regularly worked five (5) days per week, Monday through Friday, from approximately 8:00 a.m. to 6:00 p.m., and sometimes as late as 8:00 p.m., for a total of approximately ten (10) to twelve (12) hours each day, and for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

47. During Defendants' busy seasons, including, *inter alia*, New York Fashion Week (which is a semi-annual event held in February and September of each year), Plaintiff worked from approximately 8:00 a.m. to as late as 3:00 a.m., for a total of approximately nineteen (19) hours each day, and for a total period of approximately 95 hours during each of the weeks, respectively.

48. From on or around February 2021 through and including September 17, 2021, Campos regularly worked five (5) days per week, Monday through Friday, or Tuesday through Saturday, from approximately 8:00 a.m. to 5:00 p.m., or 10:00 a.m. to 7:00 p.m., for a total of approximately nine (9) hours each day, and for a total period of approximately 45 hours during each of the weeks, respectively.

49. From approximately September 2013 through and including August 2014, Defendants paid Plaintiff a fixed annual salary of $35,000 per year.

50. From approximately September 2014 through and including March 2017, Defendants paid Plaintiff a fixed annual salary of $40,000 per year.

51. From approximately April 2017 through and including April 2019, Defendants paid Plaintiff a fixed annual salary of $47,000 per year.

52. From approximately May 2019 through and including March 2020, Defendants paid Plaintiff a fixed annual salary of $57,000 per year.

53. From approximately February 2021 through and including September 2021, Defendants paid Plaintiff a fixed annual salary of $50,000 per year.

54. From September 2013 through and including March 13, 2020, and again from February 2021 through and including September 17, 2021, Defendants required Plaintiff to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job.

55. For example, Defendants unlawfully deducted upwards of $1,920 from Plaintiff's paychecks for "Cab" and "Cell Reim." expenses.

56. At all relevant times herein, Plaintiff was paid his wages bi-weekly.

57. Plaintiff's wages did not vary regardless of how many additional hours he worked in a week.

58. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

59. At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

60. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

9

61. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

62. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

63. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

64. Defendants did not give any notice to Plaintiff, in English (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

65. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

66. Plaintiff brings the First and Seventh Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to drivers and manual workers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

67. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims

of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

68. The First and Seventh Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

69. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

70. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

72. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

73. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

74. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

75. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated

damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

76. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

77. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

78. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

79. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

80. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

81. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Spread-of-Hours Pay)

82. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

83. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread

12

over more than ten (10) hours.

84. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq*. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

85. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

86. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

87. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

88. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

89. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FIFTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

90. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

91. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

92. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## SIXTH CLAIM
### (Failure to Pay Timely Wages)

93. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

94. NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

95. As described above, throughout their employment with Defendants, Plaintiff was underpaid their wages each week.

96. As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

14

## SEVENTH CLAIM
### (Unlawful Wage Deductions Under the FLSA)

97. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

98. Defendants have made unlawful deductions and required kickbacks from the Plaintiff's wages, including but not limited to, deductions for the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job.

99. For example, Defendants unlawfully deducted upwards of $1,920 from Plaintiff's paychecks for "Cab" and "Cell Reim." expenses.

100. The deductions made from Plaintiff's wages have not been authorized or required by law.

101. The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

102. Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

103. Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## EIGHTH CLAIM
### (Unlawful Wage Deductions Under the NYLL)

104. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

105. Defendants have made unlawful deductions and required kickbacks from the

15

Plaintiff's wages, including but not limited to, deductions for the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job.

106. For example, Defendants unlawfully deducted upwards of $1,920 from Plaintiff's paychecks for "Cab" and "Cell Reim." expenses.

107. The deductions made from Plaintiff's wages have not been authorized or required by law.

108. The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

109. Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the NYLL, Article 6 §§ 190 *et seq.* and the supporting regulations.

110. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

    a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

    b. certification of this case as a collective action pursuant to the FLSA;

    c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members

16

of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h. declaring that Defendants violated the unlawful deduction provisions of the FLSA, the NYLL and the NYDOL regulations;

i. awarding Plaintiff unpaid minimum wages;

j. awarding Plaintiff unpaid overtime wages;

k. awarding Plaintiff unpaid spread-of-hours pay;

l. awarding Plaintiff unlawful deductions;

m. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

n. awarding Plaintiff liquidated damages in an amount equal to the total amount of unlawful deductions found to be due;

o. awarding unpaid wages under the NYLL and the New York State contract law;

p. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

q. awarding Plaintiff pre- and post-judgment interest under the NYLL;

r. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

s. Such other relief as this Court deems just and proper.

Dated: New York, New York
      April 20, 2022                        Respectfully submitted,

                                              LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                              By: /s/ Joshua Levin-Epstein
                                                    Joshua Levin-Epstein
                                                    Jason Mizrahi
                                                    60 East 42nd Street, Suite 4700
                                                    New York, New York 10165
                                                    Tel: (212) 792-0046
                                                    Email: Joshua@levinepstein.com
                                                    *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*