UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CESAR CAMPOS, on behalf of himself and others
Similarly situated in the proposed FLSA Collective
Action,

                           Plaintiff,

-against-

Milk Studios, LLC, Milk Studioz Inc., and "John
Does I – V",

                           Defendants.
---------------------------------------------------------x

Civil Action No: 1:22-cv-00894
(ARR)(TAM)

**ANSWER TO AMENDED
COMPLAINT WITH
AFFIRMATIVE DEFENSES**

Defendants Milk Studios, LLC, Milk Studioz Inc., and "John Does I – V" (collectively, "Defendants"), by and through their attorneys, KAUFMAN BORGEEST & RYAN LLP, hereby responds to Plaintiff Cesar Campos' ("Plaintiff") Amended Complaint as follows:

## AS AND FOR AN ANSWER TO "NATURE OF THE ACTION"

1.      Defendants are not required to respond to Paragraph 1 of Plaintiff's Amended Complaint as this paragraph is merely Plaintiff's characterization of the case. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 1 of the Amended Complaint.

2.      Defendants are not required to respond to Paragraph 2 of Plaintiff's Amended Complaint as this paragraph is merely Plaintiff's characterization of the case. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 2 of the Amended Complaint.

## AS AND FOR AN ANSWER TO "JURISDCTION AND VENUE"

3.      Paragraph 3 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required. Defendants respectfully refer all questions of law to the Court.

4.     Paragraph 4 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

5.     Paragraph 5 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

<u>**AS AND FOR AN ANSWER TO "THE PARTIES"**</u>

**PLAINTIFF CESAR CAMPOS**

6.     Defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

7.     Defendants admit the allegation contained in Paragraph 7 of the Amended Complaint.

8.     Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint.

9.     Paragraph 9 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

**DEFENDANT MILK STUDIOS, LLC**

10.    Defendants admit the allegations contained in Paragraph 10 of the Amended Complaint.

11.    Defendants admit the allegations contained in Paragraph 11 of the Amended Complaint.

8187666

12.     Paragraph 12 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

13.     Paragraph 13 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

14.     Paragraph 14 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

**DEFENDANT MILK STUDIOZ INC.**

15.     Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint and clarify that Defendant Milk Studioz Inc. is a domestic business corporation duly incorporated under the laws of the State of New York.

16.     Defendants admit the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

18.     Paragraph 18 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

19.     Paragraph 19 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

8187666

**DEFENDANTS "JOHN DOES I – V"**

20.     Paragraph 20 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

21.     Paragraph 21 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

22.     Paragraph 22 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

23.     Paragraph 23 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

24.     Paragraph 24 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

25.     Paragraph 25 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

26.     Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

8187666

27.     Paragraph 27 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

28.     Paragraph 28 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

29.     Paragraph 29 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

30.     Paragraph 30 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

31.     Paragraph 31 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

32.     Paragraph 32 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

33.     Paragraph 33 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

34.     Paragraph 34 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

8187666

## AS AND FOR AN ANSWER TO "FACTUAL ALLEGATIONS"

35.     Defendants admit the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Paragraph 37 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendants admit the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendants admit the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendants admit the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants admit the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Paragraph 44 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

8187666

45.     Paragraph 45 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

46.     Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

8187666

56.     Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Paragraph 61 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Paragraph 62 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Paragraph 63 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Paragraph 64 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all

8187666

questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Paragraph 65 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendant**s** respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

66.     Paragraph 66 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendant**s** respectfully refer all questions of law to the Court.

67.     Paragraph 67 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendant**s** respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Paragraph 68 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendant**s** respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Paragraph 69 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendant**s** respectfully refer all questions of law to the Court.

8187666

## AS AND FOR AN ANSWER TO "FIRST CLAIM – FLSA UNPAID OVERTIME

## WAGES, 29 U.S.C. § 201 et seq."

70.     Defendants repeat and re-allege its responses to each of the allegations contained in Paragraphs 1-69 of the Amended Complaint set forth above, as if more fully set forth herein.

71.     Paragraph 71 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendant**s** respectfully refer all questions of law to the Court.

72.     Paragraph 72 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendant**s** respectfully refer all questions of law to the Court.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Paragraph 75 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendant**s** respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

## AS AND FOR AN ANSWER TO "SECOND CLAIM – NYLL UNPAID OVERTIME

## WAGES"

76.     Defendants repeat and re-allege its responses to each of the allegations contained in Paragraphs 1-75 of the Amended Complaint set forth above, as if more fully set forth herein.

8187666

77.     Paragraph 77 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

78.     Paragraph 78 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Paragraph 81 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

**AS AND FOR AN ANSWER TO "THIRD CLAIM – NYLL SPREAD-OF-HOURS PAY"**

82.     Defendants repeat and re-allege its responses to each of the allegations contained in Paragraphs 1-81 of the Amended Complaint set forth above, as if more fully set forth herein.

83.     Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Paragraph 84 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

85.     Paragraph 85 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all

8187666

questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

**AS AND FOR AN ANSWER TO "FOURTH CLAIM – NYLL WTPA –**

**FAILURE TO PROVIDE WAGE NOTICES"**

86.     Defendants repeat and re-allege its responses to each of the allegations contained in Paragraphs 1-85 of the Amended Complaint set forth above, as if more fully set forth herein.

87.     Paragraph 87 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

88.     Paragraph 88 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

89.     Paragraph 89 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint.

**AS AND FOR AN ANSWER TO "FIFTH CLAIM – VIOLATION OF THE WAGE**

**STATEMENT PROVISIONS OF THE NYLL –"**

90.     Defendants repeat and re-allege its responses to each of the allegations contained in Paragraphs 1-89 of the Amended Complaint set forth above, as if more fully set forth herein.

91.     Paragraph 91 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.

8187666

92.     Paragraph 92 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required. Defendants respectfully refer all questions of law to the Court. To the extent a response is required, Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

## AS AND FOR AN ANSWER TO "SIXTH CLAIM – FAILURE TO PAY TIMELY WAGES –"

93.     Defendants repeat and re-allege its responses to each of the allegations contained in Paragraphs 1-92 of the Amended Complaint set forth above, as if more fully set forth herein.

94.     Paragraph 93 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required. Defendants respectfully refer all questions of law to the Court.

95.     Defendants deny the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Paragraph 96 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required. Defendants respectfully refer all questions of law to the Court. To the extent a response is required, Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint.

## AS AND FOR AN ANSWER TO "SEVENTH CLAIM – UNLAWFUL WAGE DEDUCATIONS UNDER THE FLSA –"

97.     Defendants repeat and re-allege its responses to each of the allegations contained in Paragraphs 1-96 of the Amended Complaint set forth above, as if more fully set forth herein.

98.     Defendant deny the allegations contained in Paragraph 98 of the Amended Complaint.

8187666

99.     Defendants deny the allegations contained in Paragraph 99 of the Amended Complaint.

100.     Paragraph 100 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101.     Paragraph 101 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 101 of the Amended Complaint.

102.     Paragraph 102 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

103.     Paragraph 103 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required.  Defendants respectfully refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

## AS AND FOR AN ANSWER TO "EIGHTH CLAIM – UNLAWFUL WAGE DEDUCATIONS UNDER THE NYLL –"

104.     Defendants repeat and re-allege its responses to each of the allegations contained in Paragraphs 1-103 of the Amended Complaint set forth above, as if more fully set forth herein.

105.     Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint.

14

106. Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint.

107. Paragraph 107 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required. Defendants respectfully refer all questions of law to the Court.

108. Paragraph 108 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required. Defendants respectfully refer all questions of law to the Court.

109. Paragraph 109 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required. Defendants respectfully refer all questions of law to the Court. To the extent a response is required, Defendants deny the allegations contained in Paragraph 109 of the Amended Complaint.

110. Paragraph 110 of Plaintiff's Amended Complaint does not contain allegations of fact but rather legal conclusions to which no response is required. Defendants respectfully refer all questions of law to the Court. To the extent a response is required, Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint.

## **PRAYER FOR RELIEF**

Defendants are not required to respond to the Amended Complaint's Wherefore Paragraph as that paragraph is merely a characterization of the relief Plaintiff seeks. To the extent that the prayer for relief is deemed to contain allegations, Defendants deny each and every allegation and specifically deny that Plaintiff is entitled to damages, costs, disbursements, attorneys' fees, interest, injunctive relief and any other form of relief.

8187666

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim upon which relief may be granted or for which relief or recovery sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

2.    Defendants have fully complied, and will continue to comply, with all applicable Federal and State wage laws.

### THIRD AFFIRMATIVE DEFENSE

3.    Defendants did not willfully commit any alleged violation of the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL"), but rather based upon a good-faith, reasonable belief that such payments were not owed under the FLSA and/or the NYLL. Therefore, no liquidated damages should be awarded.

### FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiff, and other persons with whom Plaintiff claims to be similarly situated, was compensated for all hours worked for Defendants.

### FIFTH AFFIRMATIVE DEFENSE

5.    Neither Plaintiff, nor any other persons with whom Plaintiff claims to be similarly situated, worked more than 40 hours during any work week and he/they are not entitled to overtime.

### SIXTH AFFIRMATIVE DEFENSE

6.    Even if the Defendants failed to compensate Plaintiff, or any other persons with whom Plaintiff claims to be similarly situated, for any of the activities alleged in the Complaint, which is not admitted but denied, such activities do not constitute compensable work under the FLSA and/or NYLL, and such activities were not an integral part of the principal activities of

16

employment of the Plaintiff, or any other persons with whom Plaintiff claims to be similarly situated.  Accordingly, the claims are barred in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

7.     While Defendants deny that they owe compensation to Plaintiff, or to any other person with whom Plaintiff claims to be similarly situated, in the event that it is determined that the Plaintiff, or any other similarly situated person, worked additional uncompensated time, such time was *de minimus* and is not compensable.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's Complaint is barred in whole or in part pursuant to 29 U.S.C. §258(a) and §259(a) because Defendants, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

9.     Defendants complied with all applicable wage notice and statement provisions pursuant to the FLSA, NYLL and the NY Wage Theft Prevention Act.

## TENTH AFFIRMATIVE DEFENSE

10.     Neither Plaintiff, nor any other persons with whom Plaintiff claims to be similarly situated, suffered any legally cognizable damages.  Any alleged damages were a result of Plaintiff's/their own conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendants reserve the right to bring any additional affirmative defenses that become known during the litigation of this matter.

## TWELFTH AFFIRMATIVE DEFENSE

12.     This action is not a proper collective action, and cannot be properly certified as

8187666

such, because Plaintiff cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) or other relevant legal authority. Specifically, Defendants assert that Plaintiff fails to meet the requirements necessary to justify a collective action or issuance of notice to putative collective members.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     This case may not be maintained as a class or collective action because the Plaintiff is not similarly-situated to or otherwise adequate representative for the persons whom he purports to represent.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     This case is not appropriate for a class or collective action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported individual class members.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     If this action is certified as a collective or class action, Defendants are entitled to a set-off with respect to every such individual for money paid in salary or other amounts for any hours when the Plaintiff and/or similarly situated individuals were not working and for any other compensation beyond that to which they were entitled while employed.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Neither Plaintiff, nor or any other person with whom Plaintiff claims to be similarly situated, worked for more than 40 hours per week during one or more weeks he/they claims/claim he/they is/are entitled to overtime.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff, and all other person with whom Plaintiff claims to be similarly situated, has/have been paid all amounts to which he/they is legally entitled.

**EIGHTEENTH AFFIRMTIVE DEFENSE**

18.     This action may not be maintained as a collective action because Plaintiff is not an adequate representative for the putative collective action and, as such, the Court should not authorized notice to be issues or a collection action to be maintained under the FLSA.

**NINTEENTH AFFIRMTIVE DEFENSE**

19.     Defendants affirmatively and specifically plead each and every defense, limitation and immunity provided under either the FLSA or NYLL.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     The claims by Plaintiff, and other persons with whom Plaintiff claims to be similarly situated, are or may be barred by the doctrines of unclean hands, estoppel, after acquired evidence, election of remedies, laches, accord and/or satisfaction.

**TWENTY - FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiff has failed to adequately plead this action as a collective action and has failed to demonstrate that a single other employee was affected in a similar manner.

**TWENTY - SECOND AFFIRMATIVE DEFENSE**

22.     Plaintiff and others similarly situated to Plaintiff have waived their NYLL claims for six (6) years before March 2020 when they willfully and freely signed severance agreements.

**TWENTY - THIRD AFFIRMATIVE DEFENSE**

23.     Plaintiff and other drivers similarly situated fail to state a claim against Defendants for FLSA violations because they are subject to the Motor Carrier Exemption.

**TWENTY - FOURTH AFFIRMATIVE DEFENSE**

24.     Plaintiff's claims under the FLSA must be dismissed, in whole, or in part, pursuant to Section 10 of the Portal-to- Portal Act, because of all the Defendants' challenged actions and/or omission were taken in good faith, and in conformity with and in reliance on any written

8187666

administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Division of the U.S. Department of Labor, or any administrative practice or enforcement policy of the Division with respect to the class of employers to which Defendant belongs.

### TWENTY - FIFTH AFFIRMATIVE DEFENSE

25.     The claims by Plaintiff, and other persons with whom Plaintiff claims to be similarly situated, under the FLSA for liquidated damages must be dismissed, in whole or in part, pursuant to section 11 of the Portal-to-Portal Act, because at all times relevant hereto, Defendants acted in good faith and with reasonable grounds to believe that the challenged actions were in compliance.

**DEFENDANTS EXPRESSLY RESERVE THE RIGHT TO SUPPLEMENT OR AMEND THE ANSWER AS MAY BE APPROPRIATE AND NECESSARY.**

Dated: May 25, 2022
New York, New York

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By:    /s/ Kenneth G. Abeyratne
       Kenneth G. Abeyratne
       120 Broadway, 14th Floor
       New York, New York 10271
       Telephone: 646.367.6716
       Email: kabeyratne@kbrlaw.com
       *Attorneys for Defendants*

8187666

To:     Joshua Levin-Epstein (via ECF)
        Jason Mizrahi (via ECF)
        60 East 42nd Street, Suite 4700
        New York, New York 10165
        Telephone: (212) 792-0046
        Email: Joshua@Levinepstein.com
        Email: Jason@Levinepstein.com
        *Attorneys for Plaintiff*

8187666